UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – –   x

GOAT FASHION LIMITED,

                          Plaintiff,

    -vs-

1661, INC.,

                      Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – –   x

Civ. Action No.
19-CV-11045-PAE

**STIPULATED
CONFIDENTIALITY
AGREEMENT AND
<u>PROTECTIVE ORDER</u>**

PAUL A. ENGELMAYER, District Judge:

      WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action; and

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; and

      IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order, will adhere to the following terms, upon pain of contempt:

      1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order

may disclose such Confidential or Confidential – Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2.      The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential or Confidential – Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes consists of:

(a)      previously non-disclosed financial information (including without limitation profitability reports or estimates, financial statements, tax returns, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company;

(c)      previously non-disclosed business plans, product-development information, marketing plans, marketing studies or other commercially sensitive non-public information;

(d)      previously non-disclosed identities of vendors, individual customers or other users of the Parties' respective services;

(e)      any information of a personal or intimate nature regarding any individual; or

(f)      any other category of information given confidential status by this Court after the date of this Order.

3.      With respect to the Confidential or Confidential –Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential or Confidential – Attorneys' Eyes Only

by: (a) stamping or otherwise clearly marking as Confidential or Confidential – Attorneys' Eyes Only the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the protected information redacted.

4.    A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Confidential – Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential or Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Confidential – Attorneys' Eyes Only.  For section (b) of this paragraph, the following procedure will apply instead to depositions taken as part of expedited discovery for disposition of the Motion for Preliminary Injunction filed by Plaintiff on March 23, 2020 (Dkt. Nos. 26-30):  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Confidential – Attorneys' Eyes Only Discovery Material by notifying the reporter and all counsel of record, in writing, within three (3) days of receiving the transcript of the deposition, of the specific pages and lines of the transcript that are to be

3

designated Confidential or Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  From the date of the deposition through the date the Producing Party notifies the reporter and all counsel of record regarding said confidentiality designations, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Confidential – Attorneys' Eyes Only.

5.     If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential –Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Confidential – Attorneys' Eyes Only. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential or Confidential – Attorneys' Eyes Only designation within two (2) business days of providing such notice.

6.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.     Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel of record for this action, including any        paralegal,    clerical,

contracted support personnel, or other assistant that such counsel employs and assigns to this

matter;

(c)    outside vendors or service providers (such as litigation support service

providers, copy-service providers and document-management consultants) that counsel

hire and assign to this matter;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this

Court appoints, provided such person has first executed a Non-Disclosure Agreement in

the form annexed as Exhibit A hereto;

(e)    as to any document, its author, its addressee, and any other person

indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called

to testify at trial or deposition in this action, provided such person has first executed a

Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)    any person a Party retains to serve as an expert witness or otherwise

provide specialized advice to counsel in connection with this action, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)    stenographers engaged to transcribe depositions the Parties conduct in this

action; and

(i)    this Court, including any appellate court, its support personnel, and court

reporters.

8.    Under no circumstances, other than those specifically provided for in this

Protective Order, shall counsel disclose any part of any Discovery Material designated as

Confidential – Attorneys' Eyes Only, or permit the same to be disclosed to persons other than the following:

      (a)    officers or employees of the Court before which this litigation is pending, including court clerks;

      (b)    counsel of record for this action, and employees at the firms for such counsel, such as paralegals, contracted support personnel, and/or legal secretaries, but only to the extent necessary to assist counsel of record;

      (c)    a person who created, sent or received documents designated as Confidential – Attorneys' Eyes Only;

      (d)    any person whose testimony is taken or is to be taken in the litigation, and in preparation therefore, but only if that person, or their employer, is the Producing Party of such highly confidential documents, testimony, information, or other materials;

      (e)    litigation support service companies specifically engaged by counsel of record for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents;

      (f)    court reporters engaged for depositions;

      (g)    any person treated by either Party as a consulting or testifying expert in connection with such consultation or testimony and in preparation therefore, and only to the extent necessary and after execution of a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; or

      (h)    other persons only upon written consent of the Producing Party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

9.      Before disclosing any Confidential or Confidential – Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.      This Order binds the Parties and certain others to treat as Confidential or Confidential – Attorneys' Eyes Only any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Confidential – Attorneys' Eyes Only hereunder.

11.      In filing Confidential or Confidential – Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Confidential – Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. Any Party that seeks to file Confidential or Confidential-Attorneys' Eyes Only Discovery Material under seal must file an application in accordance with Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases.  The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Rules and Practices in Civil Cases.

13.     Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules and Practices in Civil Cases.

14.     Recipients of Confidential or Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.     Nothing in this Order will prevent any Party from producing any Confidential or Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.     Each person who has access to Discovery Material designated as Confidential or Confidential – Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential or Confidential – Attorneys' Eyes Only Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Confidential – Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Confidential – Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Order.

18.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

19.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:


/s/ Thomas A. Telesca                                          /s/ Jessica Watkins
Thomas A. Telesca                                             Lynn E. Rzonca
Elizabeth S. Sy                                               Jessica Watkins
RUSKIN MOSCOU FALTISCHEK, P.C.                                BALLARD SPAHR LLP
*Attorney for Plaintiff Goat Fashion Limited*                 *Attorney for Defendant 1661, Inc.*
1425 RXR Plaza                                                1735 Market Street
East Tower, 15th Floor                                        51st Floor
Uniondale, New York 1556                                      Philadelphia, Pennsylvania 19103
(516) 663-6600                                                (215) 864-8109
ttelesca@rmfpc.com                                            RzoncaL@ballardspahr.com
esy@rmfpc.com                                                 WatkinsJH@ballardspahr.com


SO ORDERED:

Dated:   April 20, 2020

New York, New York


PAUL A. ENGELMAYER
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _     x

GOAT FASHION LIMITED,

                                        Civ. Action No.
              Plaintiff,                     19-CV-11045-PAE

      -vs-

1661, INC.,

              Defendant.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _     x

### EXHIBIT A - CONFIDENTIALITY AGREEMENT

       The undersigned, having been requested to assist in connection with Civil Action No.

19-CV-11045-PAE pending in the United States District Court for the Southern District of New

York, hereby agrees as follows:

       1.     I have read the Protective Order entered by the Court in this action and agree

to abide by its terms.

       2.     I agree that any discovery material or information designated as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which I see, hear, or

learn about in connection with this lawsuit, including documents and deposition transcripts, may

be used solely for the purpose of this lawsuit and not for any other purpose. I agree not to disclose

to any person any such discovery material or information designated as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" except as specifically authorized by the

Protective Order.

       3.     When this litigation is terminated. I agree to return to the party and lawyers

whom I am assisting. any discovery material and information designated as "CONFIDENTIAL"

or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to retain no copies of such materials.

Dated this ____day of_____2020

_____

Signature

_____

Name

_____

Company