UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

GOAT FASHION LTD.,

                                                                   Plaintiff,

                          -v-

1661, INC.,

                                                                   Defendant.

19 Civ. 11045 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiff Goat Fashion Ltd.'s ("Goat Fashion") motion for contempt sanctions against defendant 1661, Inc. ("1661"). Goat Fashion claims that 1661 has failed to comply with the Court's recent preliminary injunction order, enjoining 1661 from selling apparel and apparel accessories using the GOAT mark. Goat Fashion also seeks an order authorizing the U.S. Marshals to compel compliance, monetary sanctions, and costs associated with its motion.

For the reasons that follow, the Court finds that 1661 is not in contempt and that sanctions and other remedies are not warranted.

**I.    Background**

On September 28, 2020, the Court granted Goat Fashion's motion for a preliminary injunction enjoining 1661 from selling apparel and apparel accessories using the GOAT mark. *See* Dkt. 78. On September 30, 2020, Goat Fashion moved for leave to file a contempt motion, alleging that 1661 had failed to comply with the injunction. Dkt. 79. The Court granted the motion, Dkt. 80, and on October 1, 2020, Goat Fashion filed its motion for contempt, *see* Dkts. 81–83. On October 5, 2020, 1661 filed its opposition. Dkts. 84–87. On October 6, 2020, Goat Fashion filed its reply. Dkts. 89–90. On October 7, 2020, 1661 wrote the Court to address

certain factual representations made in Goat Fashion's reply concerning 1661's compliance with the injunction. Dkt. 91 ("1661 Ltr.").

## II.     Discussion

A contempt order is a severe sanction. *See Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 565 (S.D.N.Y. 2001). A court may exercise its inherit power to hold party in civil contempt for failing to comply with an order only when "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016); *see Chere Amie*, 175 F. Supp. 2d at 565.

After reviewing all submissions, the Court finds that Goat Fashion has not made this showing. 1661 does not dispute that the preliminary injunction order was unambiguous. *See* Dkt. 84 ("1661 Opp."). However, taking the remaining *CBS Broadcasting* factors out of order, Goat Fashion has not demonstrated that 1661 did not diligently attempt to comply in a reasonable manner. The Court issued its order granting the preliminary injunction on September 28, 2020. Dkt. 78. Goat Fashion contends that because 1661 did not comply immediately on September 28, 2020, and because 1661 communicated that it did not think immediate compliance was required, 1661 failed to reasonably and diligently comply with the preliminary injunction order. *See* Dkt. 83 ("Goat Fashion Mem.") at 6–7. Although the Court agrees with Goat Fashion that the length of time the Court took in deciding the motion for a preliminary injunction is unrelated to the urgency with which the Court expected compliance, *see* Goat Fashion Mem. at 7, 1661 has evidenced that it began taking the necessary steps to comply on the date the Court issued its order. *See* 1661 Opp. at 4–9; Dkt. 85 ("Lee Decl."). Importantly, 1661

has explained that it began analyzing its website and mobile application to determine what steps needed to be taken the day the preliminary injunction order was issued and thereafter. *See* Lee Decl. ¶¶ 3–4; 1661 Opp. at 5–6. Further, 1661 has explained that because the preliminary injunction did not impact its footwear business, 1661 had to navigate certain technical challenges to comply with the injunction without affecting its footwear business. 1661 Opp. at 7. Goat Fashion contends that 1661 took other unnecessary steps that served to "minimize the business impact" of the Court's order, rather than comply with it. Dkt. 90 ("Goat Fashion Reply") at 5–6. However, certain of these steps, such as training its customer service staff, are likely incidental to implementing the Court's order without affecting areas of 1661's business that were outside the scope of the preliminary injunction. To be sure, at all times 1661 should have understood the preliminary injunction order to require urgent and complete compliance. The Court is not persuaded that 1661 misapprehended this obligation. In all events, the relevant inquiry on a motion for contempt is whether a party "diligently attempted to comply in a reasonable manner," not whether it instantaneously complied. Goat Fashion has failed to show by clear and convincing evidence that 1661 did not take diligent steps to comply in a reasonable manner.

Further, 1661 has demonstrated that it has now fully complied with the preliminary injunction order. On October 5, 2020, 1661 represented that it was "in complete compliance" with the preliminary injunction order. *See* 1661 Opp. at 1. Goat Fashion contends that as of October 6, 2020, 1661 had not completely complied. *See* Goat Fashion Reply at 2. Goat Fashion raises two compliance issues: first, that 1661 continued to advertise for sale apparel in existing Instagram posts; and second, that Goat Fashion was still able to view certain apparel items on 1661's website as of October 6, 2020. *Id.*; Dkts. 89-1, 89-2. 1661 has explained that upon receiving Goat Fashion's reply, it began disabling any links to its apparel products on its

Instagram posts, and all links have been disabled as of October 7, 2020. 1661 Ltr. at 1. 1661 further explains that any delay is harmless, as the links themselves redirected users to 1661's website, where the products had already been deactivated. *Id.* As to apparel and accessories that remained available on the website, 1661 explains that these were the result of "deep links" that permitted users to navigate to specific product listings from other websites that had previously linked to 1661's products. *Id.* at 2. Because 1661 had already deactivated apparel products on its website, these products would have been unavailable for purchase, even if the user was able to navigate to a specific product listing. *Id.* And 1661 represents that once it became aware of this issue, it took immediate steps to correct the issue. *Id.* Accordingly, the Court finds that based on the parties' submissions, 1661 was in substantial compliance by October 3, 2020, and complete compliance by October 7, 2020. An order authorizing the U.S. Marshals to enforce the order is thus extreme and unnecessary.

Goat Fashion's other requested sanctions are unduly severe. In light of 1661's reasonable efforts, the Court finds that Goat Fashion has failed to demonstrate that contempt is appropriate. Accordingly, the Court declines to award monetary sanctions or costs.

The Court takes this opportunity to clarify one aspect of its preliminary injunction order. In their submissions related to Goat Fashion's contempt motion, the parties have raised the issue as to whether Instagram posts that pre-date the preliminary injunction constitute a violation of the order. The Court holds that, to the extent that the posts no longer contain active links to purchase apparel or apparel products, they do not. The Court understands that 1661 has now ensured that all deep links on posts pre-dating the preliminary injunction order have now been disabled. 1661 Ltr. at 1.

## CONCLUSION

For the foregoing reasons, the Court denies Goat Fashion's motion to hold 1661 in civil contempt.  The Court further denies 1661's motion for argument as moot. The Clerk of Court is respectfully directed to terminate the motions pending at dockets 81 and 88.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 9, 2020
       New York, New York